NIQA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Green | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. **19   3123** |
| Klepacki | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human
    Services denying plaintiff Social Security Benefits.                                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.                                                                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      **555** (☒)

JUL **1 7** 2019                    _David McCormick_              _____
_____            _____            _____
**Date**                        **Deputy Clerk**                **Attorney for**


_____            _____            _____
**Telephone**                   **FAX Number**                  **E-Mail Address**

(Civ. 660) 10/02

NIQA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19   3123

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ PO Box 244, Collegeville, PA 149426 _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____ Montgomery _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                          Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?                          Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __07/17/2019__   ___Daiɫ M̃Gⁿɫ___   _____
                      *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights   555
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.   *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

NIQA

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

_____

_____ MICHAEL GREEN _____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

_____ C. O. KLEPACKI _____

_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

19      3123

## COMPLAINT

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☒ Yes   ☐ No
(check one)

**I.**   **Parties in this complaint:**

**A.**   List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff      Name  MICHAEL GREEN _____

ID #  FW-#0302 _____

Current Institution  SCI PHOENIX _____

Address  1200 MOKYCHIC DRIVE, COLLEGEVILLE

PA. 19426 PHONE NUMBER! (610)-409-7890

*Rev. 10/2009*

B.  List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1    Name _C. O. KLEPACKI_ Shield #_____
Where Currently Employed _SCI PHOENIX_
Address _1200 MOKYCHIC DRIVE_
_COLLEGEVILLE, PA. 19426. PH:(610)-409-7890_

Defendant No. 2    Name _____ Shield #_____
Where Currently Employed _____
Address _____
_____

Defendant No. 3    Name _____ Shield #_____
Where Currently Employed _____
Address _____
_____

Defendant No. 4    Name _____ Shield #_____
Where Currently Employed _____
Address _____
_____

Defendant No. 5    Name _____ Shield #_____
Where Currently Employed _____
Address _____
_____

## II.    Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?  _SEE COMPLAINT_

B.    Where in the institution did the events giving rise to your claim(s) occur?  _SEE COMPLAINT_
_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?  _____
_JANUARY 28, 2019_

D.    Facts: _SEE COMPLAINT_____

| What happened to you? |

_____

_____

_____

_____

_____

| Who did what? |

_____

_____

_____

_____

| Was anyone else involved? |

_____

_____

_____

_____

| Who else saw what happened? |

_____

_____

_____

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _SEE COMPLAINT_____

_____

_____

_____

_____

_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that " [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Administrative remedies are also known as grievance procedures.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _X_ No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

SCI PHOENIX 1200 MOKYCHIC DRIVE
COLLEGEVILLE, PA. 19426   PH: (610)-409-7890

B.  Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _X_ No ____ Do Not Know ____

C.  Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _X_ No ____ Do Not Know ____

If YES, which claim(s)? SEE COMPLAINT

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _X_ No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No _X_

E.  If you did file a grievance, about the events described in this complaint, where did you file the grievance?

AT SCI PHOENIX

1.  Which claim(s) in this complaint did you grieve? SEE COMPLAINT

2.  What was the result, if any? DENIED

3.  What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. SEE COMPLAINT

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here: _NONE_

_____

_____

_____

_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any: _NONE_

_____

_____

_____

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _SEE COMPLAINT_

_____

_____

_____

_____

_____

_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _SEE COMPLAINT_

_____

_____

_____

_____

_____

_____

*Rev. 10/2009*                                    - 5 -

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**VI.**    **Previous lawsuits:**

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No __X__

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format. )

| On these claims |
| --- |

1.    Parties to the previous lawsuit:

Plaintiff _____ _NONE_ _____

Defendants _____ _NONE_ _____

2.    Court (if federal court, name the district; if state court, name the county) _NONE_

3.    Docket or Index number _NONE_

4.    Name of Judge assigned to your case _NONE_

5.    Approximate date of filing lawsuit _NONE_

6.    Is the case still pending?    Yes _____ No __X__

If NO, give the approximate date of disposition _NONE_

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____ *NONE* _____

_____

_____

**On other claims**

C. Have you filed other lawsuits in state or federal court?

Yes _____ No _X_

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____ *NONE* _____

Defendants _____ *NONE* _____

2. Court (if federal court, name the district; if state court, name the county) *NONE*

3. Docket or Index number _____ *NONE* _____

4. Name of Judge assigned to your case _____ *NONE* _____

5. Approximate date of filing lawsuit _____ *NONE* _____

6. Is the case still pending?   Yes _____ No _X_

If NO, give the approximate date of disposition _____ *NONE* _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____ *NONE* _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _15_ day of _JULY_____, 20_19_.

Signature of Plaintiff _Michael Dreer_

Inmate Number _FW 0302_

Institution Address _SCI PHOENIX_

_1200 MOKYCHIC DRIVE_

_COLLEGEVILLE, PA. 19426_

_PH: (610)-409-7890_

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide

their inmate numbers and addresses.

I declare under penalty of perjury that on this 15 day of _____JULY_____, 20_19_, I am delivering

this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the

Eastern District of Pennsylvania.

Signature of Plaintiff: _Michael Breen_

MICHAEL GREEN
DOC: FW-#0302
SCI PHOENIX
1200 MOKYCHIC DRIVE
COLLEGEVILLE, PENNSYLVANIA 19426

JULY 15, 2019

To: United States District Clerk's Office
   Eastern District
   James A. Byrne Federal Courthouse
   601 Market Street, Room: #2609
   Philadelphia, Pennsylvania 19106-1797

RE: **Michael Green v. C.O. Klepacki**
**Docket No.:**_____

Dear U.S. Clerk of Courts: (Eastern District):

   Enclosed for filing, is an Original, and one, (1) copy of **Plaintiff's 42 U.S.C. Section 1983 Civil**

**Complaint,** in the above-captioned matter.


   Also enclosed, is a copy to be served upon Defendant Klepacki, can you please date stamp and file

these legal documents on the docket entry sheet.



                                     Respectfully submitted,


                                     ___/s/Michael Green____
                                          Michael Green
                                          Plaintiff
                                          Pro-Se


**Date: July 15, 2019**
c.c.file

* Plaintiff invokes, "Prisoner's Mailbox Rule," **Perry v. DiGulielmo,** 169 Fed. App'x. 134, 136, N.#3,
(3D Cir. 2006), **Burns v. Morton,** 134 F.3D 109, 113, (3D Cir. 1998), as timely filed from date at
SCI Phoenix State Correctional Facility, outgoing mail to Judicial Court and Clerk, and all parties.

# AUTHORIZATION

### (Prisoner's Account Only)

Case No. _19    3123_

> NOTE: Completing this authorization form satisfies your obligation under 28 U.S.C.
> § 1915(a)(2) to submit a certified copy of your trust fund account.

I, _Michael Green_, request and authorize the agency holding me in custody to send to the Clerk of Court, United States District Court for the Middle District of Pennsylvania, a certified copy of the statement for the past six months of my trust fund account (or institutional equivalent) at the institution where I am incarcerated.  I further request and authorize the agency holding me in custody to calculate and disburse funds from my trust account (or institutional equivalent) in the amounts specified by 28 U.S.C § 1915(b).

This authorization is furnished in connection with the filing of a civil action, and I understand that the filing fee for the complaint is $350.00.  I also understand that the entire filing fee will be deducted from my account regardless of the outcome of my civil action.  This authorization shall apply to any other agency into whose custody I may be transferred.

Date: _JULY 15_, 20 _19_

_Michael Green_
Signature of Prisoner

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| MICHAEL GREEN | |
| DEFENDANT | TYPE OF PROCESS |
| C. O. KLEPACKI | CIVIL - ACTION - LAW |

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

**SERVE AT** C. O. KLEPACKI

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*   19426

SCI PHOENIX, 1200 MOKYCHIC, DR. COLLEGEVILLE, PA.

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

| | |
|---|---|
| MICHAEL GREEN<br>DOC! FW-0302<br>SCI PHOENIX<br>1200 MOKYCHIC DR.<br>COLLEGEVILLE, PA. 19426 | Number of process to be served with this Form 285 — 1 |
| | Number of parties to be served in this case — 1 |
| | Check for service on U.S.A. — N/A |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold                                                                        Fold

C. O. KLEPACKI CAN BE SERVED AT SCI PHOENIX
1200 MOKYCHIC DRIVE, COLLEGEVILLE, PA. 19426.
PH: (610)-409-7890

| Signature of Attorney other Originator requesting service on behalf of: <br> *Michael Green* | ☑ PLAINTIFF <br> ☐ DEFENDANT | TELEPHONE NUMBER <br> (610)-409-7890 | DATE <br> 7-15-2019 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin <br> No. | District to Serve <br> No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address *(complete only different than shown above)* | Date | Time | ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) <br> **$0.00** |
|---|---|---|---|---|---|
| | | | | | |

REMARKS:

DISTRIBUTE TO: 1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

***IMPORTANT NOTICE TO PRISONER***:   RETURN THIS FORM TO THE
CLERK'S OFFICE ALONG WITH YOUR COMPLAINT AND SIGN EITHER
PART 1 OR PART 2

(Complete only one section of this Form)

Michael Green                      )
                                   )
            Plaintiff(s)            )
                                   )
        vs.                        )        Case No. __19____3123____
                                   )
CO Klepacki                        )
                                   )
            Defendant(s)            )

PART 1:  CONSENT TO JURISDICTION BY
UNITED STATES MAGISTRATE JUDGE

      In accordance with the provisions of Section 636(c)(1) of Title 28, United States Code, I
voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings
in the case, including trial and entry of a final judgment, with direct review by the United States
Court of Appeals for the Third Circuit if an appeal is filed.

Date: _JULY 15, 2019_                  _Michael Green_____
                                       Signature

                    Print Name:   _Michael Green_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PART 2:  DISTRICT JUDGE OPTION

      Pursuant to Section 636(c)(2) of Title 28, United States Code, I acknowledge the availability
of a United States Magistrate Judge but I elect to have this case randomly assigned to a United States
District Judge.

Date: _____

                                       _____
                                       Signature

                    Print Name:   _____

FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS COMPLAINT
UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331

RECEIVED
JUL 1 7 2019
JUL 1 - 2019

<u>COVER SHEET</u>

**THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The cost for filing a civil rights complaint is $350.00.

If you do not have sufficient funds to pay the full filing fee of $350.00 you need permission to proceed *in forma pauperis*. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

   1)   the average monthly deposits to your prison account for the past six months; or

   2)   the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

   1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $350.00. (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. Check here if you are submitting the filing fee with the complaint form. \_\_\_

   2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. <u>You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court</u>. Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees. **X**

Please Note: If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending. Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages. The restitution orders must be fully paid before any part of the award goes to you.

DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GREEN, | : | |
| Plaintiff | : | CIVIL ACTION-LAW |
| | : | |
| | : | Docket No.: **19    3123** |
| | : | |
| V. | : | (JURY TRIAL REQUESTED) |
| | : | |
| | : | HONORABLE U.S. DISTRICT JUDGE |
| | : | |
| | : | |
| C.O. KLEPACKI, | : | |
| Defendant | : | |

## PLAINTIFF'S 42 U.S.C. SECTION 1983 CIVIL COMPLAINT

By: Michael Green
   Plaintiff
   Pro-Se
   DOC: FW-#0302
   SCI Phoenix
   1200 Mokychic Drive
   Collegeville, Pennsylvania
   19426
   PH: (610)-409-7890

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL GREEN,                          :
          Plaintiff               :   CIVIL ACTION-LAW
                                  :
                                  :   Docket No.: **19      3123**
                                  :
      V.                            :   (JURY TRIAL REQUESTED)
                                  :
                                  :   HONORABLE U.S. DISTRICT JUDGE
                                  :
                                  :
C.O. KLEPACKI,                          :
          Defendant               :

## PLAINTIFF'S 42 U.S.C. SECTION 1983
## CIVIL COMPLAINT

PLAINTIFF ALLEGES:

### I. JURISDICTION

1.  This Tort Action arises under The Eighth, (8th) Amendment of The United States Constitution, and under Federal Law, particularly under The Civil Rights Act of 1871, under 42 U.S.C. Section 1983.

2.  This Honorable Court has Original and Subject Matter Jurisdiction, under 28 U.S.C. Section 1343.

## II. VENUE

3.  Venue of this case is proper under 28 U.S.C. Section 1343, and 28 U.S.C Section 139(b)(2),

under TORT LAW.

## III. PARTIES

4.  Plaintiff Michael Green, is an individual presently incarcerated at The State Correctional

Institution, Phoenix, a DOC Facility, located at 1200 Mokychic Drive, Collegeville, Pennsylvania

19426.  Phone Number is (610)-409-7890.

5.  Defendant C.O. Klepacki, is a Correctional Officer at The State Correctional Institution,

Phoenix, a DOC Facility, located at 1200 Mokychic Drive, Collegeville, Pennsylvania

19426.  Phone Number is (610)-409-7890.  Defendant Klepacki, is being sued in her individual

capacity.

6. Each and all acts committed by Defendant Klepacki, were done under The Color of State

Law, pretense of statutes, ordinances, regulations, customs, anfd ususages of The Pennsylvania

Department of Corrections, Commonwealth of Pennsylvania, and the authority of Defendant

Klepacki, as a Prison Official, and as an agent for The Pennsylvania Department of Corrections.

2.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.   The purpose of exhausting administrative remedies is to allow Prison Officials the opportunity\
to correct its own mistakes before it is held into Court.

8.   Under The Prison Litigation Reform Act of 1996, ("PLRA), a prisoner is required to pursue all
avenues of relief available within The Prison's Grievance System before bringing a Federal Civil
Rights action concerning prison conditions.  See, 42 U.S.C. Section 1997(e)(a); **Booth v. Churner,**
206 F.3D 289, 291, (3D Cir. 2000), aff'd, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed. 2D 958, (2001).
The Exhaustion Requirement is mandatory.  See, **Williams v. Beard,** 482 F.3D 637, 639, (3D Cir.
2007); See also **Booth,** 532 U.S. at 741, (Holding that PLRA's Exhaustion Requirement applies
"regardless of the relief offered through administrative procedures"); **Nyhuis v. Reno,** 204 F.3D
65, 67, (3D Cir. 2000)(Same).  In order to exhaust remedies, a Plaintiff must pursue a grievance
through Final Administrative Review.  See, **Salley v. Pa. Dept. of Corr.,** 181 Fed. App'x. 258,
264, (3D Cir. 2006).

9.   The Exhaustion Requirement is mandatory.  See, **Williams v. Beard,** 482 F.3D 637, 639,
(3D Cir. 2007).  "[I]t is beyond the power of this Court... to excuse compliance with The
Exhaustion Requirement, whether on the ground of futility, inadequacy or any other basis."
See, **Nyhuis v. Reno,** 204 F.3D 65, 73, (3D Cir. 2000).

3.

10.   Failure To Exhaust Administrative Remedies is an affirmative defense that must be pleaded and proven by The Defendant.  See, **Smalls v. Camden Cnty.,** 728 F.3D 265, 268, (3D Cir. 2013), ("Failure To Exhaust is an affirmative defense The Defendant must plead and prove; it is not a pleading requirement for The Prisoner-Plaintiff."); **Ray v. Kertes,** 285 F.3D 287, 295, (3D Cir. 2002), "Prison Officials are likely to have greater legal expertise and, as important, superior access to Prison Administrative Records in comparison to Prisoners.")(Alteration Omitted).

11.   Moreover, The Exhaustion of Administrative Remedies, must also be proper.  See, **Woodford v. Ngo,** 548 U.S. 81, 89-95, 126 S.Ct. 2378, 165 L.Ed. 2D 368, (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  **Woodford,** 548 U.S. at 93.  "A Procedural Default by The Prisoner, either through late or improper filings, bars The Prisoner from bringing a claim in Federal Court unless equitable considerations warrant review of the claim."  See, **McKinney v. Kelchner,** No.: 1:CV-05-0205, 2007 U.S. Dist. LEXIS 71958, 2007 WL 2852373, at *3, (M.D. Pa. Sept. 27, 2007)(Citing, **Spruill v. Gillis,** 372 F.3D 218, 227-232, (3D Cir. 2004)).  A Procedural Default for the failure to properly exhaust administrative remedies may be excused, however, if The Prisoner can show that a particular remedy or procedural requirement was unavailable.  **Berry,** 283 Fed. App'x. at 4-5, ("[W]e made clear... that The PLRA requires exhaustion of all available remedies, not all remedies.").

4.

"A Grievance Procedure is not available even if one exists on paper, if The Defendant Prison Officials somehow prevent a Prisoner from using it."  See, **Mitchell v. Horn,** 318 F.3D 523, 529, (3D Cir. 2003). Thus, "[i]n the absence of competent proof that an Inmate was misled by Correctional Officials, or some other extraordinary circumstances, Inmate Requests to excuse a failure to exhaust are frequently rebuffed by The Courts."  See, **Mayo v. Wetzel,** No.: 13-CV-1174, 2015 U.S. Dist. LEXIS 102079, 2015 WL 4643137 at *9, (M.D. Pa. August 3, 2015).

12.   Based on the earlier discussion of The PLRA's Legislative History, [...] Congress seems to have three, (3) interrelated objectives relevant to this inquiry here:

(A).   To return control of The Inmate Grievance process to Prison Administrators;

(B).   To encourage development of an administrative record, and perhaps settlements, within The Inmate Grievance Process;

(C).   To reduce the burden on The Federal Courts by erecting barriers to Frivolous Prisoner Lawsuits. See, **Porter v. Nussle,** 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed. 2D 12, (2002); **Concepcion v. Morton,** 306 F.3D 1347, (3D Cir. 2002).

5.

13.  On February 1, 2019, The Plaintiff appealed Misconduct #D010642, from The Hearing Examiner of SCI Phoenix.

14.  On February 8, 2019, The Program Review Committee, (PRC), from SCI Phoenix, denied The Plaintiff's Appeal of Misconduct #D010642.

15.  On February 13, 2019, The Plaintiff Appealed the denial of his appeal from The PRC, to The Facility Manager, (Superintendent), of SCI Phoenix, Mrs. Tammy Ferguson.

16.  On February 21, 2019, Mrs. Ferguson denied The Plaintiff's Appeal of Misconduct #D010642.

17.  On February 28, 2019, The Plaintiff appealed the denial of his appeal from The Facility Manager, (Superintendent), of SCI Phoenix, (Mrs. Ferguson), to The Chief Hearing Examiner of The Pennsylvania Department of Corrections, (PADOC), Mr. Zachary J. Moslak.

18.  On March 25, 2019, Mr. Moslak denied The Plaintiff's Appeal of Misconduct #D010642.

19.  By clear and convincing evidence, The Plaintiff exhausted all available administrative remedies pertaining to Misconduct #D010642, in accordance with The Pennsylvania Department of Corrections Policy, DC-ADM 801.

## V. FACTS

20.   On January 28, 2019, at approximately 8:00 p.m., during block-out on the unit, The Plaintiff went to his cell, to retreive his bowl so he could obtain hot water to make a meal.

21.   Out of nowhere, Defendant Klepacki, in an aggressive manner, blocked the entrance way to The Plaintiff's Cell, and yelled, threatened, and ordered The Plaintiff, not to leave his cell.

22.   The Plaintiff asked Defendant Klepacki, why he couldn't leave his cell, and why Defendant Klepacki was blocking the entrance to The Plaintiff's Cell.

23.   Defendant Klepacki told The Plaintiff, "Because I can, Mr. Green, I run this prison, you do what I tell you to do, you stupid nigger, so you thought telling on me to The Block Sgt. about you getting your i.d. and medication was going to something huh? well it did, it got your dumb nigger ass locked in your cell for the rest of the night, if you even try to exit this cell, I will spray you with this pepper spray, and I'm going to file a false misconduct against you, stating you were aggressive, tried to rape me, and physically harm me, and the administration here at SCI Phoenix, and Mechanicsburg, will believe me over you, so take your nigger ass into your cell, or I'm going to fuck you up with this pepper spray!"

24.   It must be duly noted, and the video evidence proves this, The Plaintiff was already in his cell, and was no threat, didn't act aggresively towards Defendant Klepacki, nor did The Plaintiff use any foul or abusive language towards Defendant Klepacki.

7.

25.   Then, Defendant Klepacki, sprayed The Plaintiff with pepper spray in The Plaintiff's Face, causing The Plaintiff to lose his balance, and hit his head on the floor.

26.   Defendant Klepacki, wrote Misconduct #D010642, against The Plaintiff, for allegedly violating the following rules and regulations of SCI Phoenix:

#15:   Threatening An Employee Or Their Family With Bodily Harm;

#35:   Refusing To Obey An Order.

27.   On February 1, 2019, in front of Mrs. Kerri Cross, who is The Assistant Chief Grievance Coordinator for The Pennsylvania Department of Corrections, found The Plaintiff guilty of all charges, and sentenced The Plaintiff, to thirty, (30) days in The Restrictive Housing Unit, (RHU).

28.   Defendant Klepacki, has a custom, policy, pattern, practice, whereby Defendant Klepacki, used excessive force, retaliation, against The Plaintiff, Defendant Klepacki instilled fear, intimidation, abuse of power, against The Plaintiff, because Defendant Klepacki told The Plaintiff, "I can use my pepper spray on you at anytime, and The Department will back me up."

29.   Such customs, policy, pattern, practice, by Defendant Klepacki, puts The Plaintiff in harms way, because Defendant Klepacki claims she can use excessive force, retaliation, at anytime against The Plaintiff, and not suffer any consequences for her illegal actions.

8.

30.  Defendant Klepacki, has a custom, policy, pattern, practice of abuse, by being deliberately indifferent towards The Plaintiff, by using excessive force against The Plaintiff, by pepper spraying The Plaintiff, who complied with Defendant Klepacki's Order, of being in his cell, at no time was The Plaintiff was aggressive, violent, disobedient, towards Defendant Klepacki, who was the aggressor, and her actions were caught on video.

31.  As a result of Defendant klepacki's Actions towards The Plaintiff, The Plaintiff continues to suffer at The hands of Defendant Klepacki:

a).  Blurred Vision, itchy, burning, redness in The Plaintiff's Eyes, where Defendant Klepacki pepper sprayed The Plaintiff;

b).  Psychological and Emotional Trauma;

c).  Mental Anguish;

d).  Embarassment, Humiliation, Frustration, Anger, Ridiculed, Humored, because Defendant Klepacki used excessive force and retaliation against The Plaintiff;

e).  Pain and Suffering;

f). Emotional Trauma, Depression, Anxiety Disorder, in fear of Defendant Klepacki using excessive

force and retaliation against The Plaintiff, at anytime she feels like it, whenever The Plaintiff reports

Defendant Klepacki's Illegal Behavior to her superiors.

32. Defendant Klepacki's Conduct ,hereinbefore described was outrageous and beyond the decency in a

civilized society. Further, the rights of The Plaintiff as more fully described herein were well established

and a reasonable Prison Official like Defendant Klepacki, would have known her actions were violating

those rights.

## VI. CLAIMS

33. The preceding paragraphs are incorporated herein by reference as though fully set forth.

## A. LEGAL STANDARDS

34. A Federal Court may properly dismiss an action sua sponte under the screening provisions of 28

U.S.C. Section 1915(e)(2)(b) and 28 U.S.C. Section 1915(a)(b), if "The action is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is

immune from such relief." See, **Ball v. Famiglio,** 726 F.3D 448, 452, (3D Cir. 2013); See also, 28

U.S.C. 1915(e)(2)(In Forma Pauperis Actions); 28 U.S.C. Section 1915(a)(Actions In Which Prisoners

Seek Redress From Governmental Defendant); 42 U.S.C. Section 1997(e)(Prisoner Actions Brought

With respect To Prison Conditions). The Court must accept all factual allegations in a complaint as true

10.

and take them in the light most favorable to a Pro-Se Plaintiff.  See, **Phillips v. County of Allegheney,** 515 F.3D 224, 229, (3D Cir. 2008); **Erickson v. Pardus,** 551 U.S. 89, 93, (2007).  Because A Plaintiff proceeds Pro-Se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." **Erickson,** 551 U.S. at 94, (Citations Omitted).


35.   An action is frivolous if it "lacks arguable basis either in law or in fact." See, **Neitzke v. Williams,** 490 U.S. 319, 325, (1989).  Under 28 U.S.C. Section 1915(e)(2)(B)(i), and 28 U.S.C. Section 1915(a)(b) (1), a Court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory or a 'clearly baseless' or 'fantastic or delusional' factual scenario." **Neitzke,** 490 at 327-328; See also, **Wilson v. Rackmill,** 878 F.2D 772, 774, (3D Cir. 1989); **Deutsch v. United States,** 67 F.3D 1080, 1091-1092, (3D Cir. 1995)(Holding frivolous a suit alleging that Prison Officials took an Inmate's Pen and refused to give it back).


36.   The legal standard for dimissing a complaint for failure to state a claim pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) and 28 U.S.C. Section 1915(a)(b)(1), is identical to the legal standard used when deciding Rule 12(b)(6) motions.  See, **Tourscher v. McCullough,** 184 F.3D 236, 240, (3D Cir. 1999)(Applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. section 1915, and 28 U.S.C. 1915 (a), The Court must grant a Plaintiff, leave to amend his complaint, unless amendment would be inequitable or futile.  See, **Grayson v. Mayview State Hosp.,** 293 F.3D 103, 114, (3D Cir. 2002).

11.

37.    A Complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to The Plaintiff, a Court concludes that those allegations "could not raise a claim of entitlement to relief." See, **Bell Atl. Corp. v. Twombly,** 550 U.S. 544, 558, (2007). Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action." See, **Davis v. Abington Mem'l Hosp.,** 765 F.3D 236, 241, (3D Cir. 2014)(internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to a claim to relief that is plausible on its face. See, **Williams v. BASF Catalysts LLC,** 765 F.3D 306, 315, (3D Cir. 2014)(Citing, **Ashcroft v. Iqbal,** 556 U.S. 662, 678, (2009) and **Twombly,** 550 U.S. at 570). Finally, a Plaintiff must plead facts sufficient to show that a claim has substantive plausibility. See, **Johnson v. City of Shelby,** 135 S.Ct. 346-347, (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. See, I.D. at 346.

38.    Under the pleading regime established by **Twombly and Iqbal,** a Court reviewing the sufficiency of a complaint must take three, (3) steps:

a).    Take note of the elements The Plaintiff must plead to state a claim;

b).    Identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and;

12.

c).   Where there are well-pleaded factual allegations, The Court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  See, **Connelly v. Lane Const. Corp.,** 809 F.3D 780, 787, (3D Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint 'show' that The Plaintiff is entitled to relief.  See, **Iqbal,** 556 U.S. at 679, (Citing, Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a 'context-specific task that requires The Reviewing Court to draw on its judicial experience and common sense.' Id.


39.   By clear and convincing evidence, in Plaintiff's Complaint, it will demonstrate through caselaw, and exhibits, Defendant Klepacki's Actions, using excessive force, and retaliation, by spraying pepper spray in The Plaintiff's Face, causing severe injury to The Plaintiff's Eyes, causing blindness, violated The Plaintiff's Eighth, (8th) Amendment Right against cruel and unusual punishment, and The Plaintiff's First, (1st) Amendment Right to be free from retaliation, and access to The Courts.

13.

## COUNT I
## CIVIL RIGHTS
### EXCESSIVE FORCE
### EIGHTH, (8th) AMENDMENT OF THE UNITED STATES CONSTITUTION
### PLAINTIFF v. DEFENDANT KLEPACKI

40.  The preceding paragraphs are incorporated herein by reference as though fully set forth.

41.  Acts **'Under The Color of State Law,'** of a State, include not only acts done by State officials within the bounds or limits of their lawful authority, but also acts done beyond the bounds of their lawful authority provided that, in order for unlawful acts of an State Official to be done **'Under The Color of Any Law,'** the unlawful acts must be done while such official is purpoting or pretending to act in the performance of his/her official duties that is to say, the unlawful acts must consist in an abuse or misuse of power which is possessed by the officials only because he/she is an official; and the unlawful acts must be of such nature or character, and be committed under such circumstances, that they would not have occured but for the fact that the person committing them was an official then and there exercising his/her official powers outside the bounds of their duties, and lawful authority.  See, 42 U.S.C. Section 1983.

42.  The conduct of Defendant Klepacki, as set forth above, acting **'Under The Color of State Law,'** and outside the scope of her duties as a Correctional Officer, intended to harm The Plaintiff, by spraying pepper spray in The Plaintiff's Face, causing severe injuries to The Plaintiff's Eyes, for no reason at all, and claiming she doesn't have to have a reason to pepper spray The Plaintiff, and she could do this at anytime, and have the support of The Pennsylvania Department of Corrections, support her actions.

14.

43. Defendant Klepacki, showed no regard of the substantial and/or unjustifiable risk of causing harm to The Plaintiff, by using excessive force and retaliation, by spraying pepper spray in The Plaintiff's Face, causing severe injury and blindness to The Plaintiff's Eyes, for no reason at all.

44. Because of Defendant Klepacki's Actions, or lack of action, when The Plaintiff entered SCI Phoenix, his vision was 20/20, after Defendant Klepacki sprayed pepper spray in The Plaintiff's Face, causing severe injuries to The Plaintiff's Eyes, when The Plaintiff went to The Medical Department at SCI Phoenix, he was examined by medical staff, who ran test on The Plaintiff, and discovered The Plaintiff's Vision worsened from 20/20 vision, to 20/50 vision, The Plaintiff start seeing 'dots' in his vision, The Medical Staff at SCI Phoenix, told The Plaintiff, he would need extensive eye surgery, and eventually The Plaintiff would go blind, because of Defendant Klepacki spraying pepper spray in The Plaintiff's Face, causing severe injuries to The Plaintiff's Eyes.

45. Defendant Klepacki violated The Plaintiff's Constitutional Right To Be Free From Excessive Force, Cruel And Unusual Punishment, Retaliation, under The Eighth, (8th), and First, (1st) Amendment of The United States Constitution.

46. Excessive Force Claims brought under The Eighth, (8th) and Fourteenth, (14th) Amendments are analyzed under the same standard. This type of claim 'includes both an objective component, whether the deprivation of a basic human need is sufficiently serious, and a subjective component, whether the officials acted with a sufficiently culpable state of mind.' See, **Gay v. Stevens,** No. #10-6354, 2011 U.S. Dist. LEXIS 126555, 2011 WL 5276535, at *4, (D.N.J. Nov. 2, 2011)(Citing, **Wilson v. Seiter,** 501 U.s. 294, 298, 111 S.Ct. 2321, 115 L.Ed. 2D 271, (1991)).

15.

(Citing, **Hudson v. McMillian,** 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed. 2D 156, (1992)). The crux of the subjective component is the principle that "only the unnecessary and wanton infliction of pain implicates" The Constitution. **Id.** (Citing, **Farmer v. Brennan,** 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed. 2D 811, (1994)).

47. When evaluating the subjective component of an excessive use of force claim, a District Court must determine "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." See, **Whitley v. Albers,** 475 U.S. 312, 320-321, 106 S.Ct. 1078, 89 L.ED. 2D 251, (1986). To determine whether force was used in "good faith" or "maliciously and sadistically," The District Court should examine several factors:

a). The need for the application of force;

b). The relationship between the need and the amount of force that was used;

c). The extent of the injury inflicted;

d). The extent of the threat to the safety of Staff and Inmates, as reasonably perceived by Prison Officials; and;

e). Any efforts made to temper the severity of a forceful response. See, **Gay,** 2011 U.S. Dist. LEXIS 126555, 2011 WL 5276535, at **\*5,** (Quoting, **Brooks v. Kyler,** 204 F.3D 102, 106, (3D Cir. 2000)). Accordingly, not all use of force is "excessive" and rises to the level of a Constitutional Violation. **ID.**

16.

48.   In the instant case, The Plaintiff's Excessive Force Case is similiar to **Mueller v. Centre County,**
No.: #09-1880, 2009 U.S. Dist. LEXIS 122379, 2009 WL 4912305, (M.D. Pa. Nov. 23, 2009).  In fact,
The Plaintiff alleges under the penalty of perjury, what happened between The Plaintiff, and Defendant
Klepacki:

"On January 28, 2019, I was in my cell, Defendant Klepacki came to my cell in an angry and
aggressive manner, Defendant Klepacki blocked the doorway entrance to my cell, Defendant Klepacki
was yelling, threatening, using obscene language towards me, and stated I couldn't leave the cell, I asked
her why, Defendant Klepacki stated, "Since you told on me to my superiors, and I got in trouble for it,
your black ass will remain in your cell, I see you have snitching in your blood, it must run in your family,
but don't worry, I'm going to show you who run things here at SCI Phoenix," Then, Defendant Klepacki,
pulled out her can of pepper spray, and sprayed me in my face, the pepper spray blinded me, and was
burning my lungs, I immediately fell to the floor, hitting my head violently, Defendant Klepacki was
laughing at me, in a sadistic way, saying, "So what's up now nigger? who's your daddy now nigger? and
continued to spray me with the pepper spray, at no time did I resist, threatenen, became aggressive
towards Defendant Klepacki, disobeyed any order from Defendant Klepacki, all of Defendant Klepacki,
was captured on video footage, and was overlooked by The Employees of The Pennsylvania Department
of Corrections.  Then Defendant Klepacki filed a false misconduct against me."

49.   By clear and convincing evidence, Defendant Klepacki ussed excessive force against The Plaintiff,
in retaliation because The Plaintiff told Defendant Klepacki's Superiors, she wouldn't allow The Plaintiff
to go to medication line, which The Plaintiff had the right to, and Defendant Klepacki got in trouble for
it.

17.

**COUNT II**

**CIVIL RIGHTS**

**RETALIATION**

**FIRST, (1st) AMENDMENT OF THE UNITED STATES CONSTITUTION**

**PLAINTIFF v. DEFENDANT KLEPACKI**

50.  The preceding paragraphs are incorporated herein by reference as though fully set forth.

51.  A prisoner alleging retaliation in violation of The United States Constitution, must satisfy three, (3) elements:

a).  That he engaged in a constitutionally protected activity.  See, **Rauser v. Horn,** 241 F.3D 330, 333, (3D Cir. 2001);

b).  That he suffered some adverse action at the hands of Prison Officials sufficient to deter a person of ordinary firmness from exercising his Constitutional Rights.  See, **Allah v. Seiverling,** 229 F.3D 220, 225, (3D Cir. 2000)(Citing, **Suppan v. Dadonna,** 203 F.3D 228, 235, (3D Cir. 2000)); and;

c).  That "his constitutionally protected conduct was a 'substantial or motivating factor' in the decision to "take the adverse action against him." **Rauser,** 241 F.3D at 333, (Quoting, **Mount Healthy Bd. of Educ. v. Doyle,** 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.ED. 2D 471, (1977)).  If a Plaintiff establishes a prima facie case of retaliation, the burden then shifts {2019 U.S. DIST. LEXIS 10} to The prison Officials to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if The Plaintiff were not engaging in The Constitutionally Protected Activities.

18.

See, **Rauser,** 241 F.3D at 334, ("Once a Prisoner demonstrates that his exercise of a Constitutional

Right was a substantial or motivating factor in the challenged decision, The Prison Officials may still

prevail by proving that they would have made the same decision absent the protected conduct for reasons

reasonably related to a legitimate penological interest.").

52.  Under the first, (1st) prong of **Rauser,** The Plaintiff was engaged in a constitutionally protected

activity.  The Plaintiff is allowed to go to the medication line, to pick up his medication for his ailments,

Defendant Klepacki, tried to prevent The Plaintiff, from going to the medication line, The Plaintiff asked

Defendant Klepacki's Supervisors, if he could pick-up his medication, because Defendant Klepacki

wouldn't allow The Plaintiff to receive his medication, The Supervisors verified with The Medical

Department at SCI Phoenix, that The Plaintiff does receive medication, and the medication line was

open, and allowed The Plaintiff, to get his medication, then The Supervisors told Defendant Klepacki,

she couldn't prevent The Plaintiff from receiving his medication, this constitutes constitutionally

protected activity.

53.  Under the second, (2nd) prong of **Rauser,** is The Plaintiff suffered adverse action at the hands of

Prison Officials sufficient to deter a person of ordinary firmness from exercising his Constitutional

Rights.  in the instant case, Defendant Klepacki, throughout this episode, was the aggressor towards The

Plaintiff, first, Defendant Klepacki came to The Plaintiff's Cell, in an aggressive manner, used abusive,

threatening language towards The Plaintiff, then for no legitimate penological interest, pepper sprayed

The Plaintiff in his face, causing severe injuries to The Plaintiff's Eyes, Lungs, Skin, caused The Plaintiff

to fall and hit his head violently on the floor, and stated The Pennsylvania Department of Corrections

will support her actions, after seeing The Medical Department at SCI Phoenix, it was diagnosed that

19.

The Plaintiff's Eyesight worsened from 20/20 vision when The Plaintiff first arrived at SCI Phoenix, to 20/50 vision, and was told by Medial Staff at SCI Phoenix, over time, The Plaintiff will go blind.  The Plaintiff continues to suffer from Defendant Klepacki's Actions, occassional blindness, violent headaches, dizziness, blurred vision, trauma, anxiety attacks, fear, nightmares.  As a result of Defendant Klepacki filing a false misconduct against The Plaintiff, he continues to suffer a raised custody level, housed on a more restrictive unit, loss of certain privileges, loss of employment, 30 days in The Restrictive Housing Unit, (RHU).

54.  The third, (3rd) and final prong under **Rauser,** is The Plaintiff's Constitutionally Protected Conduct was a 'substantial or motivating factor' in the decision to take adverse action against The Plaintiff.  Once The Plaintiff establishes a prima facie case of retaliation, the burden shifts to The Prison Officials to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if The Plaintiff were not engaging in The Constitutionally Protected Activities, and the actions must be reasonably related to a legitimate penological interest.

55.  By clear and convincing evidence, Defendant Klepacki's Actions, pepper spraying The Plaintiff in his face, for no reason at all, not only was outside the scope of her duties, since The Plaintiff posed no threat at anytime, towards Defendant Klepacki, it clearly wasn't reasonably related to a legitimate penological interest, and filing a false misconduct against The Plaintiff, and the adverse actions The Plaintiff suffered because of this, shows Defendant Klepacki's Desire to severely punish, injure, The Plaintiff.

20.

56.  As a result of The Civil Rights Violations, (1st, 8th Amendment of The United States Constitution), by Defendant Klepacki, The Plaintiff suffered a deprivation of his rights, and suffered other injuries and damages as aforementioned and listed hereinafter.

## VII. DAMAGES

57.  The Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein.

58.  As a direct and proximate result of the above described conduct of Defendant Klepacki, The Plaintiff in the past, suffered and will continue to suffer damages that include:

a).  Severe emotional Distress and Mental Anxiety;

b).  Paralyzing fear that The Plaintiff gradually losing his eyesight, and will eventually go blind, because of Defendant Klepacki's Actions;

c).  Severe Emotional Trauma;

d).  Loss of enjoyment of life;

e).  Depression;

21.

f).  Loss of valuable and inalienable rights guaranteed under Federal and State Law.

**WHEREFORE,** The Plaintiff seeks judgment against Defendant Klepacki, jointly and severally, and as follows:

a).  That The Court and jury, award compensatory and punitive damages, in the amount of two-million dollars, ($2,000,000) against Defendant Klepacki, acting in her individual capacity, for using excessive force, and retaliation, against The Plaintiff, Defendant Klepacki's Conduct was so egregious, willful, retaliatory, outrageous, abusive, excessive, deliberately indifferent to The Plaintiff's Serious Medical Needs, acting outside the scope of her duties, and was accompained by a wanton and ill-will disregard for the foreseeable harm caused by this conduct as to necessitate compensatory and punitive damages;

b).  That The Court and jury enter a declatory judgment against Defendant Klepacki, and find Defendant Klepacki's Conduct was a violation of The Plaintiff's statutory Rights;

c).  That The Court and jury enter a declatory and injunctive relief as deemed appropriate by this Court in equity;

d).  That The Court and jury award The Plaintiff such declatory, actual, and nominal damages as are allowable at law;

22.

e).   That The Court award such attorney fees, costs and expenses, pre-and-post-judgment interests and

delay damages, the filing fees for the filing of this Court Action, and any damages as are allowable at

law.

## VIII. JURY TRIAL

59.   The Plaintiff demands a jury trial of twelve, (12) jurors as to all issues.

Respectfully submitted,

_____ /s/Michael Green_____
Michael Green
Plaintiff
Pro-Se

Date: **July 15, 2019**

c.c.file

23.

## VERIFICATION

I, Michael Green, Plaintiff, Pro-Se, verifies the facts contained in this **42 U.S.C. Section 1983 Civil Complaint,** is true and correct to the best of my knowledge, information, and belief.  I understand the facts herein are verified, subject to the penalties relating to presenting fraudulent claims and making false statements, under **18 U.S.C. Section 287, 1001,** which is a fine, imprisonment, or both.

Respectfully submitted,

_____/s/Michael Green____
Michael Green
Plaintiff
Pro-Se

Date: **July 15, 2019**

c.c.file

24.

## PROOF OF SERVICE

I, Michael Green, Plaintiff, Pro-Se, certifies I am this day, serving the foregoing legal documents, upon the persons, in the manner indicated below.  The Manner of Service, satisfies the requirements under Rule 25.3, of The Federal Rules of Civil Procedure.

### Service By First Class Mail, addressed as follows:

Office of The U.S. Clerk of Courts
Eastern District
James A. Byrne Federal Courthouse
601 Market Street, Room: #2609
Philadelphia, Pennsylvania 19106-1797


Office of Attorney General
Eastern District
Torts Litigation Section
21 South 12th Street, 3rd Floor
Philadelphia, Pennsylvania 19107


Pennsylvania Department of Corrections
Office of General Counsel
1920 Technology Parkway
Mechanicsburg, Pennsylvania 17050


25.

Respectfully submitted,


_____/s/Michael_Green____
                    Michael Green
                    Plaintiff
                    Pro-Se
                    DOC: FW-#0302
                    SCI Phoenix
                    1200 Mokychic Drive
Date: **July 15, 2019**          Collegeville, Pennsylvania
                    19426
c.c.file            PH: (610)-409-7890

U.S. Dist. Court, (Eastern District)
Attorney General Office of PA., (Eastern District)
Pennsylvania Department of Corrections, (Office of General Counsel)

26.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL GREEN,                    :
           Plaintiff              :   CIVIL ACTION-LAW
                                  :
                                  :   Docket No.:_____
                                  :
        V.                        :   (JURY TRIAL REQUESTED)
                                  :
                                  :   HONORABLE U.S. DISTRICT JUDGE
                                  :
                                  :
C.O. KLEPACKI,                    :
           Defendant              :


## PLAINTIFF'S EXHIBIT MANIFOLD


**EXHIBIT "A":   PLAINTIFF'S EXHAUSTION OF MISCONDUCT: #D010642**

| Form DC-141 Part 1 | COMMONWEALTH OF PENNSYLVANIA | D 010642 |
|---|---|---|
| Rev. 12/2017 | DEPARTMENT OF CORRECTIONS | |

☑ MISCONDUCT REPORT ☐ OTHER ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| FW0302 | Green | SCIPHX | 2014 | 1/28/19 | 1/28/19 |

| Quarters | Place of Incident |
|---|---|
| BD1016 | Dayroom on SD at cell # BD1016 |

### OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| FW0302 | Green | | | | | | |
| | | | | | | | |
| | | | | | | | |

### MISCONDUCT CHARGE OR OTHER ACTION

35. Refusing to obey an order

16. Threatening an employee or their family with bodily harm

### STAFF MEMBER'S VERSION

On the above date and time, inmate Green FW0302 refused to shut his door after exiting during blockout. Inmate Green FW0302 stepped in his cell, blocking the door. I ordered him to step in his cell and close his door. He refused "I'm coming out and you best get out of my face." I once again gave him a direct order to step in his cell and shut his door. Again he yelled "I told you, you best get the hell out of my face." I gave one last order + he refused. I then deployed OC to obtain control.

### IMMEDIATE ACTION TAKEN AND REASON

| PRE-HEARING CONFINEMENT | | | |
|---|---|---|---|
| IF YES | | | |
| ☑ YES ☐ NO | TIME 2:05 | DATE 1/28/19 | |

### FORMS GIVEN TO INMATE
☑ REQUEST FOR WITNESSES AND REPRESENTATION  ☑ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY  SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| Da Klepacki COT | | DATE 1-28-19 | TIME 24 HOUR BASE 21:30 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | | Signature of Person Serving Notice |
|---|---|---|---|---|
| DATE 1-29-19 | TIME 0860 | ☑ CLASS 1 ☐ CLASS 2 | | Sgt H Sutton |

### Notice to Inmate

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE - DC-15          YELLOW – Inmate          PINK – Reporting Staff Member

**DC-ADM 801, Inmate Discipline Procedures Manual**          *Attachment 1-B*
**Section 1 – Misconducts/Rule Violations**
Issued: 12/1/2017
Effective: 12/1/2017

| DC-141, Part 2(B) | COMMONWEALTH OF PENNSYLVANIA | | | | |
|---|---|---|---|---|---|
| DISCIPLINARY HEARING REPORT | Department of Corrections | | | | |
| DC Number | Name | Facility | Hearing Date | Hearing Time | No. from Part 1 |
| KW0302 Green | SCI PH-X | 2-1-19 | 0855 | D010642 |
| INMATE PLEA | ☐ Guilty  ☑ Not Guilty | ☐ No Plea  ☐ Other | VERDICT | ☑ Guilty  ☐ Not Guilty | |

HEARING ACTION

CHARGES  #15, #35

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

Green pleads Not Guilty
States he had just got off the phone. He was putting soup in his cell - she told him he had to stay in his cell - He asked "why" and she sprayed him.

The examiner finds report to be clear and credible. I believe on 1-28-19, Green was ordered to step in his cell and close the door. Green refused the order and became threatening when he did not move stating, "I'm coming out and you best get out of my way" After an additional order was issued to step in the cell and shut the door - Green threatened the ℅ stating "I told you - you best get the hell out of my face" constituting #15 - #35

Based on Report - Guilty

#15 - 30 days DCS
#35 - (15 Days DCS to run concurrent)
Total (30) Days DCS eff 1-28-19

| | | | |
|---|---|---|---|
| ☑YES ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | | |
| ☑YES ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | | |
| ☑YES ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | SEE APPENDICES | |
| ☑YES ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | ☑  1 - C | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| Kerri Cross | Kerri Cross  SIGNATURE OF HEARING EXAMINER/COORDINATOR |

WHITE – DC-15          YELLOW – Inmate Cited          PINK – Staff Member Reporting Misconduct
GOLDENROD – Deputy Facility Manager

DC-ADM 801, Inmate Discipline Procedures Manual
**Section 4 – Disposition of Charges and Misconduct Sanctions**          *Attachment 4-A*
Issued: May 20, 2015
Effective: July 2, 2015

DC-141, Part 2 (E)
Misconduct Hearing Appeal

**COMMONWEALTH OF PENNSYLVANIA**
*PRC*

| DC Number | Name | Facility | No. From Part 1 |
|---|---|---|---|
| FW0302 | Michael Green | SCI PHX | D010642 |

I was found guilty of misconduct number _#35/15_ on _2-1-19_
(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds.

### Check Area(s) Involved

☑ a. the procedures employed were contrary to law, Department directives, or regulations;

☑ b. the punishment is disproportionate to the offense; and/or

☑ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

The Hex Never reviewed the Tape, I Never MADE ANY Threats to the C/O. I WAS AlREADY IN MY Cell WHEN the C/O CAME To MY Cell. I WAS Scraved AND Put in the RHU For ASKING WHY I couldN'T COME BACK OUT MY Cell. If SHE didN'T WANT ME out MY Cell, All SHE HAD TO DO WAS WAlk up AND close THE Door. IF YOU View the TAPE, YOU Will See I WAS IN MY Cell WHEN C/O KlePack CAME To MY Cell, I Feel AS I WAS being targeten Because I ChallengeN C/O KlePack, early About getting MY ID AND COAT WHEN MEDicAtion is called. I Feel Her Actions WAS Very excessive. All I WAS ASKING WAS CAN I get A Straight ANSWEr to WHY I HAD to Stay IN MY Cell. I WOULD Like For This Misconduct to be Dismised or Dropto A CLASS II So I CAN Get HOME aN MOve ON WITH MY Life.

_____
Michael Green
Inmate's Signature

2-1-19
Date

**DC-ADM 801, Inmate Discipline Procedures Manual**
**Section 5 – Appeals**                                    **Attachment 5-A**
Issued: May 20, 2015
Effective: July 2, 2015

| DC-141, Part III<br>Program Review<br>Committee Action<br>X Misconduct Appeal  ☐ Periodic Review  ☐ Other | **COMMONWEALTH OF PENNSYLVANIA**<br>**Department of Corrections** | | | |
|---|---|---|---|---|
| DC Number<br>FW0302 | Name<br>Green | Facility<br>PHX | Date of Review<br>1/13/19 | No. from DC-141, Part 1<br>D010642 |

**Program Review Committee's Decision and Rationale**

On 1/28/19, inmate Green received a Class 1 misconduct for #35 Refusing to Obey an Order and # 15 Threatening a Staff Member.

On 2/1/19, inmate Green pled not guilty to all charges. The HEX found him guilty of both charges and sanctioned him to a total of 30 days DC.

## BASIS OF APPEAL:

A. The procedures employed were contrary to law, Department directives, or regulations
B. The punishment is disproportionate to the offense.
C. The findings of fact were insufficient to support the decision

## DISCUSSION:

Inmate Green appealed under all areas. He arges the HEX never reviewed the video.

The PRC finds there were no procedures or policies violated. The finding of facts were sufficient and the report of the officer was believed over the report of the inmate. The sanction was also within the permissible range per the charges and disposition.

The PRC did review the video. It was clear from the video, Inmate Green was standing in his entrance of his cell door. It was also clear from the video, the officer was reinforcing her words with hand motions to go into your cell. Following the administration of OC, the office was able to secure the door.

The PRC uphold the decision of the HEX. The sanction will remain unchanged.

---

### Decision Relative to PRC Review

☐ Continue  ☐ Move to AC  ☐ Release to GP  ☐ Release Cell Restriction  ☐ Continue Investigation

☐ Release to Control GRP  ☐ Release Medical  ☐ Release Diag. Center  ☐ Release Sent. Complete

### Decision Relative to Hearing Examiner's Verdict

☐ Reject  X Uphold  ☐ Uphold-Modify  ☐ Remand back  ☐ Vacate-permit Recharge  ☐ Dismiss

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| J. Terra, DSCS | | 2-8-19 |
| M. Sipple, DSCS | | 2/6/19 |
| J. Sorber, DSFM | | 2-7-19 |

WHITE – DC-15       YELLOW – INMATE       PINK – STAFF MEMBER REPORTING MISCONDUCT
GOLDENROD , DSFM

| DC-141, Part 2 (E) | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|
| Misconduct Hearing Appeal | *To: Superintendent* | | |
| DC Number | Name | Facility | No. From Part 1 |
| FW0302 | Michael Green | SCI PHX | D010642 |

I was found guilty of misconduct number #35 /#15 _____ on 2-1-19

(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds.

## Check Area(s) Involved

☑ a. the procedures employed were contrary to law, Department directives, or regulations;

☑ b. the punishment is disproportionate to the offense; and/or

☑ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

I you review the DC-141 you will see no THREAT WAS MADE, NO Profanity, OR Aggression From Me. I feel C/O KLEPACKI WAS WRONG For SPRAYing Me if SHE WAS NOT IN DANGER. If you view the video you will see I WAS NOT BLOCKING THE DOOR AND I WAS ALREADY IN MY CELL WHEN C/O KLEPACKI CAME TO MY DOOR. I WAS being TargETED For challeging C/O KLEPACKI EARLY ON AbOUT GETTING MY I.D AND COAT For Medication.

I WOULD LIKE For this MISCONDUCT TO BE DISMISSED OR Drop to A CLASS II.

| Michael Green | 2/13/19 |
|---|---|
| Inmate's Signature | Date |





**pennsylvania**
DEPARTMENT OF CORRECTIONS

**TO:**     Michael Green | FW0302
            B-B-2009-01

**FROM:**   Tammy Ferguson
            Superintendent

**DATE:**   February 21, 2019

**RE:**     Superintendent's Response
            Appeal of Misconduct # **D010642**

You were found guilty of the above misconduct.  You appealed on the following grounds:
A.  ☒  The procedures employed were contrary to law, Department directives, or regulations.
B.  ☒  The punishment is disproportionate to the offense.
C.  ☒  The findings of fact were insufficient to support the decision.

I have reviewed this misconduct and the Program Review Committee's decision and your appeal with the following results:

☐   A.   Reject
☒   B.   Uphold the Hearing Examiner's or Unit Management Team's Decision
☐   C.   Uphold the finding of guilt, but modify the punishment
☐   D.   Vacate the decision and remand back to the Hearing Examiner for rehearing
☐   E.   Vacate the decision and charge to permit recharge and rehearing
☐   F.   Dismiss the charge and prohibit recharge

RATIONALE:
You were charged with a Class 1 Misconduct for Charge #35 (Refusing to Obey an Order) and #15 (Threatening an Employee or Their Family with Bodily Harm). You were found guilty of both charges. You were sanctioned to 30 days Disciplinary Custody (DC) for Charge #15 and 15 days DC (Concurrent) for Charge #35. Your total sanction was 30 days DC. In accordance with DC-ADM 801, Inmate Discipline Procedures Manual, Section 4.B – Disposition of Charges and Misconduct Sanctions, you may be assigned to DC status for up to 90 days per misconduct charge. The punishment imposed is proportionate to the offense.

You indicate that you did not threaten, use profanity, or aggression during this incident. In accordance with DC-ADM 801 Section 3.D.4 – Misconduct Hearings, the Hearing Examiner makes determinations of credibility. In review of the Disciplinary Hearing Report, DC-141 Part 2B, the Hearing Examiner determined that the report of COT Klepacki was credible. The findings of fact were sufficient to support the decision of the Hearing Examiner.

You further indicate that COT Klepacki was wrong for "spraying you." All use of force incidents are reviewed in accordance with Departmental policy 6.3.1, Facility Security Procedures Manual, Section 32 – Use of Force, General Provisions, and Video Recording.

The procedures employed were not contrary to law, Department directives, or regulations.

It is my decision to uphold the Hearing Examiner.

TF:jss
cc:    Counselor – Baldwin              DC15
       Employment Officer               File
       Ms. Angstadt                     Unit Manager – Golden

---

SCI-Phoenix | P. O. Box 246 | Collegeville, Pennsylvania 19426 | 610.409.7890 | www.pa.gov

| DC-141, Part 2 (E) Misconduct Hearing Appeal | COMMONWEALTH OF PENNSYLVANIA *Chief Hearing Examiner* | | |
|---|---|---|---|
| DC Number | Name | Facility | No. From Part 1 |
| FW0302 | Michael Green | SCI PHX | D010642 |

I was found guilty of misconduct number #35 #15 ____ on 2-1-19
(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds.

## Check Area(s) Involved

☑ a. the procedures employed were contrary to law, Department directives, or regulations;

☑ b. the punishment is disproportionate to the offense; and/or

☑ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

IF you review the DC-141 you will see No threat was MADE, No Abusive language or aggression was used. The C/o was in No way in DANGER for her to use excessive Force AN spraying me with "OC". In the inmate HAND-Book IX- use of Force (DC-ADM 201) 1 STAFF May Not use Force to punish you or for Revenge. IF you review the Video Footage you will see I was in my Cell When C/o KLEPACKI CAME to my DooR AND Sprayed me for No Reason. THE Hearing EXAMINER, PRC, or the Facility MANAger Never Reviewed the Video Footage. I Would like the DC-141 to be vacated AND dismissed. I Feel I was Being TARgeted, AN Now I have Blurred Vision in my LEFT EYE From being Sprayed. Also C/o KLEPACKI Worked on my UNIT AFTER the incident on 2-11-19 B-B2009 DTU, 2 to 10 Shift AN She CAME to my Cell to do the Feeding without Incident, So that right There tell's you She was Not in DANGER or Scared for Her Life.

Michael Green
**Inmate's Signature**

2/28/19
**Date**

**DC-ADM 801, Inmate Discipline Procedures Manual**
**Section 5 – Appeals**
Issued: May 20, 2015
Effective: July 2, 2015

**Attachment 5-A**



COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
1920 Technology Parkway
Mechanicsburg, PA 17050

March 25, 2019

OFFICE OF THE
CHIEF HEARING EXAMINER

Michael Green, FW-0302
SCI-Phoenix

Re:    DC-ADM 801 - Final Review
        Misconduct No. D010642

Dear Mr. Green:

This is in response to your appeal to Final Review of the above-numbered misconduct.

In accordance with DC-ADM 801, § 5 (C. 6), I have reviewed the entire record of this misconduct; including the misconduct report, the hearing report and related documents, your appeal to the Program Review Committee and their response, your appeal to the Superintendent and his response. I have also thoroughly reviewed the issues you raise to Final Review.

The issues you raise to Final Review have already been addressed by the Program Review Committee and the Superintendent. On review of the record, this Office concurs with their responses. I find no persuasive basis from which to conclude that the Examiner erred in conducting the hearing. The Examiner specifically documented findings of fact based on evidence presented at the hearing to support the decision. The procedures followed were in complete accordance with DC-ADM 801. The sanction imposed is not viewed to be disproportionate to the offense, and therefore will not be amended at this level.

For the above-stated reasons, the responses provided by the Program Review Committee and the Superintendent are upheld in full. Your appeal must, therefore, be denied.

Zachary J Moslak
Chief Hearing Examiner
Pennsylvania Department of Corrections

ZJM/srh
cc:    Superintendent Ferguson

*"Our mission is to protect the public by confining persons committed to our custody in safe, secure facilities, and to provide opportunities for inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims."*