IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL GREEN** | : | CIVIL ACTION |
| *Plaintiff, pro se* | : | |
| | : | NO. 19-3123 |
| **v.** | : | |
| | : | |
| **C.O. KLEPACKI** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                         DECEMBER 21, 2020

## MEMORANDUM OPINION

### INTRODUCTION

On October 9, 2020, this Court issued an Order directing Plaintiff Michael Green to show cause why this matter should not be dismissed due to his repeated failure to comply with this Court's Orders and his discovery obligations. [ECF 22]. The October 9, 2020 Order required Plaintiff to file a response by October 30, 2020, to both the Order and to Defendant's motion for sanctions in the form of dismissal. The October 9, 2020 Order also warned Plaintiff that his failure to do so would "result in the dismissal of this action." As of the date of this Memorandum Opinion, Plaintiff has neither complied with nor responded to the October 9, 2020 Order or to Defendant's motion for sanctions. Consequently, after having carefully considered and weighed the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), Plaintiff's complaint is dismissed, with prejudice, for failure to prosecute under Federal Rule of Civil Procedure ("Rule") 41(b).

### BACKGROUND

On July 17, 2019, Plaintiff, proceeding *pro se*, filed the underlying complaint pursuant to 42 U.S.C. § 1983 against Corrections Officer Beth Klepacki, alleging civil rights violation claims

for excessive force and retaliation. [ECF 2]. By Order dated November 15, 2019, the parties were each directed to file a discovery plan. [ECF 15]. Defendant complied with the Order, [*see* ECF 16]; Plaintiff did not. This Court then issued a Scheduling Order that established various deadlines, including a fact discovery deadline of June 8, 2020. [ECF 17].

On the discovery deadline, Defendant filed a motion to compel Plaintiff's responses to various discovery requests, and to extend the discovery deadline. [ECF 18]. In that motion, Defendant asserted that Plaintiff had not responded in any way to Defendant's discovery requests. By Order dated June 10, 2020, this Court directed Plaintiff to produce responses to Defendant's written discovery request by June 22, 2020, and to appear remotely for a video deposition by no later than July 8, 2020. [ECF 19]. On that same day, this Court issued a Revised Scheduling Order extending the deadline for fact discovery to July 8, 2020. [ECF 20]. In light of Plaintiff's failure to comply with this Court's June 10, 2020 Order, and the passing of the extended deadline for fact discovery, Defendant filed the underlying motion for dismissal of Plaintiff's civil action for failure to prosecute.

On October 9, 2020, this Court issued an Order noting Plaintiff's failure to comply with this Court's previous orders, directing Plaintiff to show cause why this matter should not be dismissed for failure to prosecute, and, once again, directing Plaintiff to respond to Defendant's motion for dismissal by October 30, 2020. [ECF 22]. The Order further advised Plaintiff that his failure to respond, "will result in the dismissal of this action." As noted, as of the date of this Memorandum Opinion, Plaintiff has failed to respond to either this Court's Order or to Defendant's motion.

**LEGAL STANDARD**

Rule 41(b) authorizes district courts to involuntarily dismiss an action, with prejudice, "where a plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962); *Poulis*, 747 F.2d at 868. Recognizing that dismissals with prejudice are "drastic sanctions," the United States Court of Appeals for the Third Circuit (the "Third Circuit") in *Poulis* instructed district courts to apply a six-factor balancing test to determine whether dismissal with prejudice is appropriate as a sanction for a litigant's non-compliance with court orders. 747 F.2d at 867-68. Courts in this circuit generally apply the *Poulis* factors when considering either the entry of default judgment or the dismissal of a complaint, with prejudice. *See e.g., Plumbers Union Local No. 690 v. F.P.S. Plumbing, Inc.*, 2009 WL 2591153, at *2 (E.D. Pa. Aug. 20, 2009); *Fetter v. North American Alcohols, Inc.*, 2009 WL 2179659, at *2 (E.D. Pa. July 21, 2009); *Eggleston v. Lewis*, 2014 WL 690555, at *4 (M.D. Pa. Feb. 24, 2014); *Paschal v. McKeesport Elderly Housing Corp.*, 2007 WL 2317463, at *2 (W.D. Pa. Aug. 7, 2007).

The *Poulis* factors require district courts to consider: (1) the extent of the non-compliant party's personal responsibility; (2) the prejudice to the adversary; (3) whether the non-compliant party has a history of dilatoriness; (4) whether the conduct of the non-compliant party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal or default; and (6) the meritoriousness of the claim and defenses. *Poulis*, 747 F.2d at 868. Not all of the factors need to weigh in favor of dismissal or default judgment, nor do they need be satisfied. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("While no single *Poulis* factor is dispositive, we have also made it clear that not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."); *C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988)

(noting that the district court did not abuse its discretion where five *Poulis* factors favored dismissal). The decision to dismiss a complaint, with prejudice, is within the district court's discretion. *Poulis*, 747 F.2d at 868.

**DISCUSSION**

As stated, it is within this Court's discretion to dismiss Plaintiff's complaint, with prejudice, should the review and balancing of the *Poulis* factors warrant such court action. Therefore, this Court will briefly discuss each factor to determine whether dismissal of Plaintiff's complaint, with prejudice, is appropriate.

### *1. Extent of Plaintiff's Responsibility*

Because Plaintiff is proceeding *pro se*, he alone is responsible for the failure to comply with this Court's Orders. *See Briscoe*, 538 F.3d at 258. His numerous failures to comply with this Court's Orders cannot be attributed to any counsel or other party. Thus, this factor weighs in favor of dismissal.

### *2. Prejudice to Defendant*

As previously noted, Plaintiff has failed to respond to this Court's Orders directing him to file a discovery plan, comply with his discovery obligations, show cause why the matter should not be dismissed for failure to prosecute, or respond to Defendant's motion for sanctions in the form of dismissal. These failures have forced Defendant to expend otherwise unnecessary time and money preparing and serving discovery requests and filing motions seeking Plaintiff's compliance. In addition, by effectively abandoning this case prior to a final resolution, Plaintiff has prevented Defendant from obtaining relief in any way other than by the dismissal of the complaint with prejudice. Under these circumstances, this factor weighs in favor of dismissal.

### 3. Plaintiff's History of Dilatoriness

Plaintiff's dilatory conduct is outlined above. After filing the complaint, Plaintiff has made no efforts to prosecute this matter. Plaintiff's dilatoriness is evidenced by his failure to prosecute this matter, fulfill his discovery obligations, comply with this Court's Orders, or respond to Defendant's motions. Thus, this factor also weighs in favor of dismissal.

### 4. Willfulness and Bad Faith Conduct

"Willfulness and bad faith can be inferred from the totality of the record." *Schutter v. Herskowitz*, 2008 WL 2726921, at *17 (E.D. Pa. July 11, 2008). The Third Circuit has stated that the "[a]bsence of reasonable excuses may suggest that the conduct was willful or in bad faith." *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005). Plaintiff's repeated failures to comply with this Court's numerous orders and, in particular, his failure to comply with the October 9, 2020 Order directing him to show cause why this matter should not be dismissed, suggest that his non-compliance is willful. Thus, this factor also weighs in favor of the dismissal.

### 5. Effectiveness of Other Sanctions

Plaintiff's repeated failures to comply with this Court's numerous Orders have deprived this Court of the ability to fashion a less severe sanction that could ensure future compliance, if appropriate. In light of the procedural history of this case and the absence of any mitigating circumstances or offered justification for Plaintiff's repeated failures, it is clear that any other less severe sanction would be ineffective. This factor, therefore, weighs in favor of the dismissal.

### 6. Meritoriousness of Plaintiff's Claims and Defendant's Defenses

Though Plaintiff's complaint may appear to set forth viable § 1983 claims, Plaintiff has effectively abandoned his claims by not participating in any discovery since he filed the complaint. Defendant, on the other hand, has filed a substantive motion that details Plaintiff's evident failure

to obtain or produce evidence sufficient to meet his summary judgment burden on any of his claims. Because this Court is unable to fully weigh the merits of Plaintiff's claims, this final factor weighs in favor of the dismissal or, at best, may be considered neutral.

**CONCLUSION**

Having carefully considered and balanced each of the *Poulis* factors with the procedural posture of this case, this Court finds that the factors collectively and significantly weigh in favor of dismissal of the complaint with prejudice. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J. U.S.D.C.